# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TY SCHULZE,

     Petitioner,

v.                                         Case No. 8:21-cv-73-CEH-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action by filing a petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a response opposing the petition (Doc. 8) to which Petitioner replied (Doc. 11). Upon consideration, the petition will be denied.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by Information with trafficking in amphetamine, possession of MDMA, possession of cannabis, and possession of drug paraphernalia (Doc. 8-2, Ex. 2). He filed a motion to suppress, arguing the drugs and drug paraphernalia were discovered during an illegal search (*Id.*, Ex. 14). After an evidentiary hearing (*id.*, Ex. 16), the motion was denied (*Id.*, Ex. 15). Pursuant to a plea agreement, Petitioner pleaded no contest to the charges (*Id.*, Ex. 3). He was sentenced to 84 months in prison on the trafficking count, to 60 months on each of

1

the two possession of drugs counts, and to time served on the drug paraphernalia count, with the sentences running concurrently to each other (*Id.*, Ex. 4).

Petitioner appealed (*Id.*, Ex. 5). In her Anders Brief, appellate counsel raised the issue of whether the trial court erred in denying the motion to suppress (*Id.*, Ex. 12). And in his *pro se* Initial Brief, Petitioner argued the trial court erred in denying the motion to suppress (*Id.*, Ex. 13). The convictions and sentences were affirmed without a written opinion (*Id.*, at Ex. 8).

Petitioner filed his federal petition in this Court (Doc. 1) in which he alleges one ground for relief: whether the trial court erred in denying the motion to suppress where the search that led to discovery of the drugs was illegal under the Fourth Amendment.

## II. ANALYSIS

Petitioner argues that the trial court erred in denying his motion to suppress evidence. The claim is barred from federal habeas review. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). Therefore, to obtain federal habeas review of a Fourth Amendment claim, a petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id.* at 494, n.37. The phrase "'opportunity for full

and fair litigation' means just that: an opportunity." *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)).

"[F]ull and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000) (quoting *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990)). But if the state court fails to make "essential findings of fact," then the defendant has not been afforded a "full and fair opportunity to litigate the validity of a search under the Fourth Amendment" and the federal courts cannot apply the *Stone* preclusion. *See Hearn v. Florida*, 326 F. App'x 519, 522 (11th Cir. 2009) (citing *Tukes*, 911 F.2d at 513-14).

Petitioner received an opportunity for full and fair litigation of his Fourth Amendment claim. The trial court held an evidentiary hearing, at which the investigating officer, Deputy Starr, testified and was available for cross-examination, and the parties gave closing arguments (Doc. 8-2, Ex. 16). In its order denying Petitioner's motion to suppress, the state trial court made findings of fact essential to the Fourth Amendment issue (*Id.*, Ex. 15). It applied the law to these factual findings and determined that, under the totality of the circumstances, the search was valid (*Id.*). And Petitioner cannot show that the state appellate court failed to afford "full consideration" to his claim. The issue was raised in both the Anders Brief (*id.*, Ex. 12) and the Initial Brief (*id.*, Ex. 13), and there is no indication that Petitioner was

3

limited in his presentation of the claim. The state appellate court's silent affirmance (*id.*, Ex. 8) is presumed to be a determination on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) (concluding that when "a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Accordingly, the *Stone* preclusion applies, and Petitioner's Fourth Amendment claim is barred from federal habeas review.

Any claims not specifically addressed herein have been deemed to be without merit.

Accordingly, it is **ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The **Clerk of the Court** shall enter judgment against Petitioner and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is **DENIED**. And because Petitioner is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 15, 2023.

4

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
Counsel of Record